Geoffrey M.T. Sturr, Bar No. 014063
Osborn Maledon, P.A.
2929 N. Central Avenue, 21st Floor
Phoenix, AZ  85012-2793
(602) 640-9000
Email:  gsturr@omlaw.com

Michael D. Allweiss (*pro hac vice application to be filed*)
Allweiss & Allweiss
913 31st Terrace NE
St. Petersburg, FL  33704
(727) 827-4944
Email:  mallweiss@aol.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CMS Mechanical Services, LLC, a Florida Limited Liability Company, | NO. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| PetSmart, Inc., a Delaware Corporation, | |
| Defendant | |

Plaintiff CMS Mechanical Services, LLC for its Complaint against Defendant PetSmart, Inc. alleges as follows:

## NATURE OF ACTION

1. Through this Complaint, Plaintiff seeks money damages arising from Defendant's breach of its contractual obligations.

## THE PARTIES

2. Plaintiff CMS Mechanical Services, LLC ("CMS") is a single member limited liability company, with its principal place of business in Melbourne, Brevard County, Florida. At all times material, ARES Holdings, LLC was the single member of

CMS, and it too was organized and existing under the laws of the state of Florida, with its principal place of business in Melbourne, Brevard County, Florida. At all times material, the Ascendancy Corporation and Venture Management Group, Inc. were the members of ARES Holdings, LLC, and both were corporations organized and existing under the laws of the state of Florida with their principal places of business in Melbourne, Brevard County, Florida. The shareholders of these corporations are also citizens and residents of the state of Florida.

3. Defendant PetSmart, Inc. ("PetSmart") is a Delaware corporation with its principal place of business in Phoenix, Arizona.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the plaintiff and the defendant, and because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(a)(1) because the defendant's principal place of business is in the District of Arizona.

## GENERAL ALLEGATIONS

6. In 2011, PetSmart and CMS entered into a Master Provider Agreement that was effective as of April 15, 2011 (the "Agreement"). A complete and accurate copy of the Agreement is attached to this Complaint as Exhibit A.

7. The Agreement, signed in 2011, anticipated that the parties would enter into separate Statements of Work.

8. On or about April 1, 2013, PetSmart and CMS entered into a Statement of Work. A complete and accurate copy of the Statement of Work is attached to this Complaint as Exhibit B.

9. The Statement of Work, under Paragraph 2, remains in effect for 60 months, from April 1, 2013 to March 30, 2018 (the "Term").

2

10. Upon expiration of the Term, the Statement of Work will continue to be in effect on a month-to month basis until terminated by either Party.

11. Section G.3 of the Agreement, however states: "The term of this Agreement shall commence on the Effective Date and continue unless terminated hereto. Any party may terminate this Agreement or any [Statement of Work] for convenience upon thirty (30) day notice to other party, without further obligation or liability, provided that PetSmart agrees to pay Provider for any unpaid invoices and disbursements incurred by Provider for Services authorized by PetSmart and satisfactorily accepted Deliverables."

12. Although the Statement of Work states that, "in the event there is a conflict between the Agreement and this Statement of Work ('SOW'), the Agreement shall govern," the Statement of Work does not have a termination for convenience provision.

13. Based upon the lack of a termination for convenience provision in the Statement of Work, and the subsequent oral representations of PetSmart, CMS reasonably understood that the five-year term of the Statement of Work would not be subject to the termination for convenience provisions of the Agreement.

14. In the Statement of Work, CMS agreed to provide PetSmart with managed preventative maintenance and full service repair Services for PetSmart's Heating Ventilation and Air Conditioning and Energy Management Services at specified store locations upon request from PetSmart.

15. The services CMS was to provide to PetSmart under the Statement of Work were described in Exhibit A to the Statement of Work.

16. CMS agreed to provide, and PetSmart agreed to purchase, the Services described in Exhibit A for each designated PetSmart store at the applicable fees and rates set forth in Exhibit C to the Statement of Work.

17. The Statement of Work provides that no changes to the fees and rates set forth in Exhibit C shall be effective unless such changes are made in writing and signed off by an authorized representative of both parties.

3

18. However, as an accommodation to PetSmart and in reliance on oral representations by PetSmart's representatives that the Statement of Work had a five-year term, CMS invoiced PetSmart for less than the amounts set forth in Exhibit C to the Statement of Work.

19. Through a letter dated April 30, 2015, PetSmart purported to terminate the Statement of Work on thirty-days' notice, making the purported termination date May 30, 2015.

20. Through a letter dated May 20, 2015, CMS notified PetSmart that it disputed the purported termination of the Statement of Work.

21. PetSmart did not terminate the Agreement, which remains in full force and effect.

22. CMS's May 20, 2015 letter also enclosed an invoice of the same date in the amount of $2,604,151.96, which reflected the difference between the amounts PetSmart owed CMS under Exhibit C to the Statement of Work, and the amounts CMS had billed PetSmart for Services provided for the months of March 2013 through May 2015, inclusive, in reliance on PetSmart's assurances that the Statement of Work would have a five-year term. A copy of that invoice is attached to this Complaint as Exhibit C.

23. CMS performed the Services purchased by PetSmart without objection or complaint.

24. PetSmart, however, has refused to pay for the Services identified in CMS's May 20, 2015 invoice.

25. Despite PetSmart's purported termination of the Statement of Work, CMS remains ready, willing, and able to perform under the Agreement and the Statement of Work until they are validly terminated.

**COUNT I**
**(Breach of Contract)**

26. CMS repeats and realleges the allegations set forth in Paragraphs 1 through 25 of this Complaint as if set forth fully herein.

4

27. Under the Statement of Work, PetSmart was obligated to pay CMS for the Services CMS provided in the amounts set forth in Exhibit C to the Statement of Work.

28. Under the terms of the Statement of Work, the amounts set forth in Exhibit C could not be changed except by a writing signed by both parties, and no such writing was made.

29. In reliance on PetSmart's oral representations that the Statement of Work would have a five-year term, CMS did not issue invoices to PetSmart for the full amount due under Exhibit C to the Statement of Work, but after PetSmart made clear it would not stand by those representations, CMS presented PetSmart with an invoice dated May 20. 2015 for the previously unbilled amounts, which total $2,604,151.96.

30. By refusing to pay for the Services identified in the invoice, PetSmart has breached the terms of the Agreement and the Statement of Work.

31. By purporting to terminate the Statement of Work under Section G.3 of the Agreement and simultaneously refusing to pay for the Services identified in CMS's May 20, 2015 invoice, PetSmart further breached the Agreement and the Statement of Work, because Section G.3 permitted PetSmart to invoke the Agreement's termination for convenience rights "provided that PetSmart agrees to pay [CMS] for any unpaid invoices . . . for Services authorized by PetSmart," which PetSmart has expressly refused to do.

32. CMS has remained willing and able to provide Services to PetSmart under the Statement of Work after PetSmart purported to terminate the Statement of Work effective May 30, 2015, and has been deprived of the profits it would have earned from providing those Services by PetSmart's breach of its obligations under the Agreement and the Statement of Work.

33. As a result of PetSmart's breaches of the Agreement and the Statement of Work, CMS has suffered compensatory and consequential damages in an amount to be proven at trial.

34. CMS is entitled to recover its attorneys' fees under the Agreement and Ariz. Rev. Stat. § 12-341.01.

35. CMS is entitled to recover its costs and expenses in connection with this action under Federal Rule of Civil Procedure 54.1(d)(1).

## COUNT II
### (Breach of the Covenant of Good Faith and Fair Dealing)

36. CMS repeats and realleges the allegations set forth in Paragraphs 1 through 35 of this Complaint as if set forth fully herein.

37. Under Arizona law, which the parties agreed would govern their obligations under the Agreement, PetSmart had a duty to act fairly and in good faith.

38. PetSmart has breached that duty by refusing to pay CMS amounts due under the Agreement and the Statement of Work.

39. PetSmart has breached that duty by purporting to terminate the Statement of Work pursuant to Section G.3 of the Agreement while simultaneously refusing to pay CMS for Services identified in CMS's May 20, 2015 invoice.

40. As a result of PetSmart's breaches of its duty to act fairly and in good faith, CMS has suffered compensatory and consequential damages in an amount to be proven at trial.

41. CMS is entitled to recover its attorneys' fees under the Agreement and Ariz. Rev. Stat. § 12-341.01.

42. CMS is entitled to recover its costs and expenses in connection with this action under Federal Rule of Civil Procedure 54.1(d)(1).

## COUNT III
### (Promissory Estoppel)

43. CMS repeats and realleges the allegations set forth in Paragraphs 1 through 42 of this Complaint as if set forth fully herein.

44. PetSmart promised CMS that, if CMS billed PetSmart less each month than the amounts set forth in Statement of Work, the term of the Statement of Work

6

would be five years, despite the termination for convenience provisions of the Agreement.

45. It was reasonably foreseeable to PetSmart that CMS would rely on that promise.

46. CMS justifiably relied upon that promise, reducing its monthly invoices by amounts which totalled $2,604,151.96.

47. CMS has been damaged as a result of such reliance in an amount to be proven at trial.

48. CMS is entitled to recover its attorneys' fees under the Agreement and Ariz. Rev. Stat. § 12-341.01.

49. CMS is entitled to recover its costs and expenses in connection with this action under Federal Rule of Civil Procedure 54.1(d)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, CMS prays for relief as follows:

CMS requests a judgment by this Court:

(a) Finding and holding that PetSmart has breached its contractual obligations to CMS under the Agreement and the Statement of Work by failing to pay for the Services identified in CMS's May 20, 2015 invoice;

(b) Finding and holding that PetSmart has breached its contractual obligations to CMS under the Agreement and the Statement of Work by purporting to terminate the Statement of Work without first paying for the Services identified in CMS's May 20, 2015 invoice;

(c) Finding and holding that PetSmart has breached the implied covenant of good faith and fair dealing;

(d) Alternatively, finding and holding that CMS has been damaged as a result of CMS's justifiable reliance on PetSmart's promise that if CMS invoiced PetSmart for less than the full amount due under the Statement of Work, the Statement of Work would have a five-year term;

(e) Awarding CMS money damages in amounts to be established at trial;

(f) Awarding CMS reasonable attorneys' fees, costs, pre-judgment and post-judgment interest; and

(g) All such other and further relief as this Court may deem just and proper.

## JURY DEMAND

CMS requests a trial by jury on all issues raised by the Complaint that are properly triable to a jury.

DATED this 12th day of October, 2015.

OSBORN MALEDON, P.A.

By: s/ Geoffrey M.T. Sturr
Geoffrey M.T. Sturr
2929 N. Central Avenue, 21st Floor
Phoenix, AZ 85012-2793

Michael D. Allweiss
ALLWEISS & ALLWEISS
913 31st Terrace, NE
St. Petersburg, FL 33704

*Attorneys for Plaintiff*
*CMS Mechanical Services, LLC*